45411. KIRKLAND v. JONES et al.

HALL, Presiding Judge. Plaintiff in a suit to collect a real estate commission appeals from a judgment on the pladings for all the defendants.

Defendants Edgar and Jack Jones approached plaintiff, a real estate agent, to sell some land. Jack signed a listing agreement on behalf of Edgar (who had suffered a stroke and was unable to sign his name.) Plaintiff later forwarded to Edgar an offer apparently meeting the terms of the listing agreement, and also called his attention to the possible interest of Jack and four other Joneses in the property. Jack wrote back rejecting the offer because, among other reasons, he and the others believed the land was worth more than the original asking price

and they wanted only a cash sale. Plaintiff attached the land and brought this suit for her commission against all the Joneses, alleging they acted by and through Jack as agent. She later amended and added counts in quantum meruit and in tort against Edgar and Jack only. The court granted defendants' motion for judgment on the pleadings on the grounds the listing agreement was not signed by any or all of the defendants or owners.

It is not clear from the record whether the court considered any material other than the original pleadings in ruling upon the the motion, but the form and substance of the order would indicate that it did not. Both plaintiff and defendants submitted affidavits and letters. We can find no ruling excluding these matters. The motion should therefore have been treated as one for summary judgment and the determination to be made was whether all the evidence submitted showed there was no genuine issue as to any material fact. *Code Ann.* §§ 81A-112(c) and 81A-156(c); *Norton Realty &c. Co. v. City of Gainesville,* 224 Ga. 166 (160 SE2d 819).

Plaintiff's affidavit states that Jack Jones told her he represented the interests of all the owners and that Edgar corroborated this statement. A letter written by Jack Jones purports to speak for all the heirs. This evidence raises the factual issue of Jack's agency for the other defendants and the court erred in granting them summary judgment.

Further, even as a motion for judgment on the pleadings the court's ruling was error. First of all the order stated that the listing agreement was not signed by any or all of the defendants or owners. It was, in fact, signed by and for two of the defendants and owners. Second, the ruling apparently overlooks the counts in quantum meruit and tort against Jack and Edgar alone, on which the absence of the other Joneses' signatures would have no bearing.

*Judgment reversed. Deen, J., concurs. Evans, J., concurs in the judgment only.*

SUBMITTED JUNE 9, 1970—DECIDED JUNE 30, 1970.

*Olin C. Hammock,* for appellant.
*Lawrence C. Walker, Jr.,* for appellees.